**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-61006
Summary Calendar

LILIA REYES-SANCHEZ,

Petitioner,

versus

ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,

Respondent.

**Petition for Review of an Order of the
Board of Immigration Appeals
(A70 879 903)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lilia Reyes-Sanchez seeks review of the Board of Immigration Appeals' (BIA) 21 October 2004 final removal order, in which the BIA reversed its earlier affirmance of the Immigration Judge's (IJ) cancellation of removal.

In 1989, Reyes-Sanchez entered the United States illegally from Mexico. She has lived in the United States since then, but returned to Mexico on three separate occasions to visit ill relatives. Upon each re-entry, she was asked to name her country

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of citizenship; she falsely stated she was a United States citizen. Reyes-Sanchez was prepared to support this false assertion with falsified documents; she had obtained a Texas identification card and driver's license, using her sister-in-law's birth certificate and social security number (she changed the last two digits of this number). Although she was never asked to produce these documents upon re-entry, she did utilize them to obtain employment and at other times when the need arose.

On 28 March 2001, removal proceedings were initiated against Reyes-Sanchez. She was charged with being removable because: she possessed neither a valid, unexpired immigration visa, nor any other recognized document, 8 U.S.C. § 1227(a)(1)(A); and she falsely represented herself as a United States citizen, *id.* § 1227(a)(3)(D). Reyes-Sanchez admitted these allegations but denied being removable; the IJ found her removable.

Reyes-Sanchez then sought cancellation of removal as a non-permanent resident alien under 8 U.S.C. § 1229b(b)(1); she later added that, under 8 U.S.C. § 1229b(b)(2)(A), removal should also be cancelled because she was a battered spouse. The IJ found her eligible as a battered spouse. On appeal, the BIA affirmed the IJ's decision without a written opinion.

The former Immigration and Nationalization Service moved for reconsideration; the BIA's resulting 21 October 2004 final order granted this motion, set aside its earlier affirmance of the IJ's cancellation of removal, and ordered Reyes-Sanchez removed from the

2

United States.  Reyes-Sanchez moved to reopen and reconsider, but the BIA denied this motion.

The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*.  **Lopez-Gomez v. Ashcroft**, 263 F.3d 442, 444 (5th Cir. 2001).  In reaching its decisions, the BIA need not refer to specific evidence upon which it relies, or provide a lengthy discussion of its reasoning.  *See* **Osuchukwu v. INS**, 744 F.2d 1136, 1142-43 (5th Cir. 1984) ("[The BIA] has no duty to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.").

Respondent challenges the sufficiency of Reyes-Sanchez's brief.  Her cursory arguments are barely sufficient.

Reyes-Sanchez maintains:  the BIA lacked statutory authority to order removal; instead, it should have remanded her case to the IJ.  She fails, however, to provide any authority supporting her assertion.  Reyes-Sanchez repeatedly references a Ninth Circuit habeas removal case, **Noriega-Lopez v. Ashcroft**, 335 F.3d 874 (9th Cir. 2003).  It is not on point.  Unlike the IJ in **Noriega-Lopez**, the IJ here *had already found Reyes-Sanchez removable*.

The BIA concluded correctly that Reyes-Sanchez was ineligible for cancellation of removal as a battered spouse under 8 U.S.C. § 1229b(b)(2) because she did not meet each of its five requirements.  Reyes-Sanchez did not meet the fourth requirement:  she is

3

deportable under 8 U.S.C. § 1229b(b)(2)(A)(iv) for falsely claiming to be a United States citizen. *See* 8 U.S.C. § 1227(a)(3)(D)(i) (Supp. 2005) ("Any alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter ... or any Federal or State law is deportable.").

*DENIED*

4